UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Robert Randall McCoy, | ) | CIVIL ACTION NO. 9:22-CV-4697-BHH-MGB |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| POWERHOUSE RESOURCES INTERNATIONAL, INC., | ) | **(JURY TRIAL DEMANDED)** |
| Defendant. | ) | |

The Plaintiff, Robert Randall McCoy, complains of the Defendant as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff, Robert Randall McCoy, is a resident of Beaufort County, South Carolina.

2.  Defendant, Powerhouse Resources International, Inc. ("PRI"), is a foreign corporation organized in the State of Oklahoma and operating under the laws of the State of South Carolina located in this judicial district.

3.  Defendant is an employer within the meaning of 42 U.S.C.A. § 12111(5).

4.  Plaintiff brings this action against Defendant for damages based on Defendant's actions in discriminating against Plaintiff by terminating him in violation of the Americans with Disabilities Act, 42 U.S.C.A. §12101 *et seq*. (ADA), which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Family Medical Leave Act, 42 U.S.C. § 2601 *et seq*. ("FMLA").

5.  On March 4, 2020, Plaintiff submitted an Employment Initial Inquiry Questionnaire to the South Carolina Human Affairs Commission.

1

6. On April 4, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that Defendant had committed an unlawful employment practice against him in violation of the ADA. This alleged violation occurred on or about February 16, 2020.

7. On September 30, 2022, the EEOC issued Plaintiff a right-to-sue letter. Plaintiff is timely filing this Complaint.

8. Jurisdiction is founded upon 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343.

9. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendant from March 1, 2001, until February 16, 2020.

11. Plaintiff is a 59-year-old man who has a medical diagnosis of major depressive disorder with psychosis.

12. Throughout the time of his employment with Defendant, the Plaintiff has been able and has performed his job duties at a satisfactory level for the Defendant.

13. Plaintiff's mental impairment causes him to suffer psychotic breaks during which Plaintiff suffers delusions, paranoia, and hallucinations.

14. At all times relevant hereto, PRI had notice of Plaintiff's disability. PRI is well aware of Plaintiff's disability, having discussed it with Plaintiff throughout his employment, and having previously experienced Plaintiff suffering from a psychotic break while at work.

15. On February 16, 2020, Plaintiff experienced a psychotic break. During this break, Plaintiff went to PRI on a scheduled vacation day to speak to a colleague regarding statements Plaintiff believed the colleague had made to Plaintiff during work.

16. While at PRI on February 16, 2020, Plaintiff's mental state led him to believe that his life was endangered by his colleague.

17. Further, during Plaintiff's mental break, he stated out loud in the company break room "I'm tendering my resignation" and simultaneously placed a piece of paper on a break room table, which contained a Bill of Sale for a dog he had recently purchased.

18. Plaintiff then left PRI and returned home.

19. Later that same day, the Human Resources Director for PRI called Plaintiff's daughter to recommend she call Plaintiff because Plaintiff had attempted to resign and believed someone was trying to kill him.

20. During a similar psychotic break in 2017, Plaintiff had attempted to resign from PRI, but PRI allowed him to rescind his resignation due to his suffering a psychotic break at the time of his resignation.

21. On February 18, 2020, Plaintiff called the Human Resources Director of Defendant to rescind his resignation but received no response.

22. Plaintiff's daughter informed the Human Resources Director that Plaintiff was being admitted to a mental hospital for treatment.

23. Plaintiff's daughter requested that PRI provide reasonable accommodations to Plaintiff and leave under the FMLA due to his disability.

24. Regardless of what Plaintiff does or does not remember saying or doing at PRI on February 16, 2022, he never officially resigned from his position, which would require Plaintiff to

give notice to his supervisor or the company's HR Director of such resignation and submitting a written notice of resignation; none of which happened.

25.     PRI refused to accept the Plaintiff's recission of his unconscionable resignation and refused to provide the requested accommodations and leave.

26.     Such unguided and uncontrolled-by-conscience action by Plaintiff provides grounds for a declaration that Plaintiff's February 16, 2020 resignation is invalid.

27.     After being discharged without notice from the mental hospital, only one (1) week into what should have been at least a four (4) week stay based on prior experience, Plaintiff discovered that his insurance and other benefits had been canceled on February 16, 2020, by PRI.

28.     As a direct and proximate result of PRI cancelling Plaintiff's insurance and benefits, Plaintiff was kicked out of the mental hospital and left with unpaid hospital bills, lack of necessary treatment, and an inability to obtain prescription medications needed for him to function on a daily basis.

29.     The actions of Defendant are intentional, wrongful, and discriminatory towards Plaintiff in violation of the Americans with Disabilities Act and the Family Medical Leave Act.

30.     Plaintiff is entitled to lost wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, and his attorneys fees and costs associated with bringing this action.

31.     Defendant's egregious, intentional, and willful behavior in violation of constitutionally protected rights of Plaintiff gives cause to a charge of punitive damages to the ultimate finder of fact in this action.

**FIRST CAUSE OF ACTION**
(Discrimination in Violation of the Americans with Disabilities Act)

32. Plaintiff reiterates and realleges the allegations contained in the above paragraphs as if fully set forth herein.

33. Defendant is an employer as defined by the American with Disabilities Act ("ADA").

34. Plaintiff is an employee as defined by the ADA.

35. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina § 2-7-35, as amended, and the ADA in that he has a mental impairment which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

36. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of his disability pursuant to the ADA and Code of Laws of South Carolina, § 43-33-530, as amended.

37. Despite being a person with a disability, the Plaintiff has for the duration of his employment and can perform the essential functions of his job.

38. Upon information and belief, Defendant failed to undertake any good faith efforts, in consultation with Plaintiff and Plaintiff's family, to identify and make reasonable accommodation for employment.

39. Knowing of Plaintiff's disability and apparent mental break, Defendant failed to allow Plaintiff to rescind his resignation, which was made while Plaintiff was suffering mental impairment, constructively discharging Plaintiff in violation of the ADA.

40. Upon information and belief, Defendant perceived the Plaintiff as disabled and wanted to find any reason it could to terminate the Plaintiff's employment.

41. By constructively discharging Plaintiff, Defendant discriminated against Plaintiff based on his disability, record of disability, and or perceived disability.

42. As a direct and proximate result of the Defendant's intentional unlawful actions towards the disabled Plaintiff, Plaintiff has suffered and continues to suffer:

    a. Severe emotional distress;

    b. Lost wages and future lost benefits;

    c. Economic damage;

    d. Loss of employment;

    e. Loss of future employment; and

    f. Incurred attorneys' fees and costs for this action.

43. As a result of Defendant's unlawful actions, Plaintiff is entitled to lost wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, and attorneys fees and costs.

## SECOND CAUSE OF ACTION
(Violation of Family Medical Leave Act)

44. Plaintiff reiterates and realleges the allegations contained in the above paragraphs as if fully set forth herein.

45. The Plaintiff is informed and believes that upon his request, he was entitled to take leave pursuant to the Family Medical Leave Act of 1993 (29 U.S.C. §2601, *et seq*.) and Defendant's constructive discharge of Plaintiff's employment is in violation of his rights under said statute.

46. The Defendant is a qualified "employer" subject to the Family Medical Leave Act and this said statute as it is a federal statute.

47. The Defendant's constructive discharge of Plaintiff following his suffering a mental impairment and failing to grant him medical leave constituted a violation of the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.).

48. Defendant's actions were done willfully, maliciously, wantonly and were done in an intentional action of retaliation designed to damage the Plaintiff for suffering a mental impairment and requesting leave.

49. As a direct and proximate result of the Defendant's intentional unlawful actions towards Plaintiff based on his disability, the Plaintiff has suffered:

   a. Severe emotional distress;

   b. Lost wages and future lost benefits;

   c. Economic damage;

   d. Loss of employment;

   e. Loss of future employment; and

   f. Incurred attorney's fees and costs for this action.

50. Accordingly, Plaintiff is informed and believes that he is entitled to compensatory damages in the nature of the value of his lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, punitive damages and her reasonable attorney's fees and costs for the bringing of this action.

**THIRD CAUSE OF ACTION**
(Wrongful Discharge/Retaliation in Violation of the ADA)

51. Plaintiff reiterates and realleges the allegations contained in the above paragraphs as if fully set forth herein.

52. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina § 2-7-35, as amended, and the American with Disabilities Act ("ADA"), in that he has a mental

impairment which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

53. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of his disability pursuant to the ADA and Code of Laws of South Carolina, § 43-33-530, as amended.

54. Plaintiff made several requests for accommodations which were ignored.

55. Plaintiff participated in a protected act when he requested reasonable accommodations for his mental impairment.

56. By ignoring Plaintiff's request for reasonable accommodation, Defendant retaliated against Plaintiff by failing to allow Plaintiff to rescind his invalid resignation, which was made while Plaintiff was knowingly mentally impaired, constructively discharging Plaintiff from his employment.

57. Defendant failed and refused to correct its actions despite several requests from Plaintiff and his daughter.

58. As a direct and proximate result of the Defendant's intentional unlawful actions towards Plaintiff based on his disability, the Plaintiff has suffered:

   a. Severe emotional distress;

   b. Lost wages and future lost benefits;

   c. Economic damage;

   d. Loss of employment;

   e. Loss of future employment; and

   f. Incurred attorney's fees and costs for this action.

59. As a result of Defendant's actions, their agents and employees, Plaintiff is entitled to lost wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, and attorney's fees and costs.

## FOURTH CAUSE OF ACTION
(Violation of Age Discrimination in Employment Act)

60. Plaintiff reiterates and realleges the allegations contained in the above paragraphs as if fully set forth herein.

61. Plaintiff is a member of a protected group on the basis of his age. Plaintiff was an employee for a position that he was qualified for and was an individual over forty (40) years old.

62. Plaintiff was retaliated against and constructively discharged from his position due to his age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

63. Plaintiff was treated differently based on his Age and Perceived Disability.

64. Defendant constructively discharged Plaintiff due to his Age and Disability.

65. As a direct and proximate result of the Defendant's intentional unlawful actions towards Plaintiff based on his age and disability, the Plaintiff has suffered:

   a. Severe emotional distress;

   b. Lost wages and future lost benefits;

   c. Economic damage;

   d. Loss of employment;

   e. Loss of future employment; and

   f. Incurred attorney's fees and costs for this action.

66. As a result of Defendant's actions, Plaintiff is entitled to lost wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, and attorney's fees and costs.

WHEREFORE, Plaintiff prays that the following relief be granted:

a. Judgment in favor of the Plaintiff against Defendant for all causes of action;

b. An award of lost wages to Plaintiff for wages that would have been earned, with related monetary benefits and interest, thereon, had he been kept in his proper employment, attorneys fees and costs of this action, and all other remedies allowable by statute or otherwise.

c. An award of front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

d. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

e. An award of mental anguish, mental suffering, stress, etc., and the medical bills related to the treatment of these conditions;

f. An award of Plaintiff's attorney's fee, including litigation expenses, and the costs of this action;

g. Pre-judgment and post-judgment interest; and

h. For such other and further relief as this Court deems just and allowable remedies by statute, case law or otherwise.

[SIGNATURE ON FOLLOWING PAGE]

                      ROSEN HAGOOD, LLC

                      By:  <u>s/James A. Bruorton IV</u>
                            James A. Bruorton, IV, Federal I.D. No. 9302
                            Elizabeth F. Nicholson, Federal I.D. No. 12402
                            40 Calhoun Street, Suite 450
                            Charleston, SC  29401
                            (843) 577-6726
                            cbruorton@rosenhagood.com
                            enicholson@rosenhagood.com

                      ATTORNEYS FOR PLAINTIFF

Charleston, South Carolina
December 28, 2022